J-S52009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES FRANKLIN HOLMES | : | |
| | : | |
| Appellant | : | No. 1397 EDA 2020 |

Appeal from the Order Entered June 10, 2020
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0002480-2016

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED:  FEBRUARY 19, 2021**

James Franklin Holmes appeals from the judgment of sentence entered

on June 10, 2020, as made final by the order denying his post-sentence

motion on June 23, 2020.[1] On this direct appeal, Holmes's counsel has filed

both a petition for leave to withdraw as counsel and an accompanying brief

pursuant to **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and

_____

[*] Former Justice specially assigned to the Superior Court.

[1] We note that Holmes filed his notice of appeal from the order entered June 23, 2020, denying his post-sentence motion. However, "in a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n. 2 (Pa. Super. 2001) (_en banc_). Therefore, we have corrected the caption accordingly.

its federal predecessor, **Anders v. California**, 386 U.S. 738 (1967). After careful review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

On December 3, 2015, the state police executed a search warrant at Holmes's residence as part of an investigation into a child sex trafficking operation.[2] As a result of the search, various media storage devices and computers were seized. After securing a second warrant, further searches of the media storage and computer revealed hundreds of images of child pornography.

Holmes filed multiple counseled[3] pre-trial motions including motions to suppress on October 22, 2018, and again on January 31, 2019. Both motions were denied.

On May 7, 2019, following a jury trial, Holmes was found guilty of four hundred and seventy-seven counts of possession of child pornography. After

_____

[2] Prior to applying for and executing the search warrant, Pennsylvania State Police became aware of communications between Holmes and a confidential source in which he arranged for her to bring her infant daughter to his residence for the purpose of sexually abusing the child. The police arrested Holmes at the bus stop where he planned to meet the confidential source and the child. After Holmes was apprehended in Lycoming County, the police applied for and executed the search warrant at Holmes's residence to look for evidence of the crime of attempting to traffic an infant for sex.

[3] Holmes additionally filed numerous *pro se* pre-trial motions despite being represented by counsel.

a pre-sentence investigation, Holmes was sentenced to an aggregate twenty to forty years' incarceration, plus five years' probation on June 10, 2020.[4]

Holmes filed a post-sentence motion, which was denied. This timely appeal followed. Thereafter, the trial court directed Holmes to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On September 9, 2020, Holmes's counsel filed a statement of intention to file an **Anders/McClendon** brief in lieu of a concise statement.

As a threshold matter, we recognize that Holmes's counsel has filed a brief pursuant to **Anders** and its Pennsylvania counterpart, **McClendon**. **See Anders**, 386 U.S. 783; **McClendon**, 434 A.2d 1185. Pursuant to the Rules of Appellate Procedure,

> [i]n a criminal case, counsel may file of record and serve on the judge a statement of intent to file an **Anders/McClendon** brief in lieu of filing a Statement. If, upon review of the **Anders/McClendon** brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4). The standard of review when an **Anders/McClendon** brief is presented is as follows:

> To be permitted to withdraw pursuant to **Anders**, counsel must: (1) petition the court for leave to withdraw stating that after

_____

[4] The judge only sentenced Holmes on five of the four hundred and seventy-seven counts.

making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. McBride*, 957 A.2d 752, 756 (Pa. Super. 2008) (citation omitted). Moreover, counsel is required to submit to this Court "a copy of any letter used by counsel to advise the appellant of the rights associated with the Anders process." *Commonwealth v. Woods*, 939 A.2d 896, 900 (Pa. Super. 2007). Our Supreme Court has further expounded on the requirements necessary for an *Anders* brief, by requiring counsel to:

1) provide a procedural history of the case;

2) refer to anything of record that could support the appeal;

3) identify counsel's conclusion that the appeal is frivolous; and

4) state counsel's rationale for his or her conclusion, which is inclusive of applicable facts of record, controlling case law, and statutes.

*See Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). If all of these requirements have been met, we may then review the record to determine the frivolity of the appeal. *See id.* at 355 n. 5.

Here, Holmes's counsel filed an appropriate petition seeking leave to withdraw, which includes all of the essential elements outlined in *Santiago*. Furthermore, counsel sent to Holmes a copy of the underlying *Anders* brief, identified the ample review performed on Holmes's case, informed Holmes of

his right to proceed with his appeal with or without retained counsel, and conveyed that Holmes has the ability to file a brief raising any additional points that he deems worthy of review. We are satisfied that counsel has adhered to the technical requirements set forth in *Anders* and *McClendon*. Thus, we proceed to address the substantive issues raised in the *Anders* brief.

Counsel has raised the following issues in his *Anders* brief:

1. Was the search warrant overly broad thus in violation of [Holmes]'s constitutional rights?

2. Was the verdict against the weight and sufficiency of the evidence?

3. Was the sentence imposed by the court of common pleas [] excessive or otherwise illegal?

*Anders* Brief, at 6 (unnecessary capitalization omitted).

In his first issue, Holmes argues that the warrant was overbroad and insufficiently particular to support the search and seizure of the electronic items and their contents.

[T]he Fourth Amendment categorically prohibits the issuance of any warrant except one particularly describing the place to be searched and the persons or things to be seized. This requirement is meant to prevent general searches and ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit. Along those lines, the scope of a lawful search is defined by the object of the search and the places in which there is probable cause to believe that it may be found.

*Commonwealth v. Turpin*, 216 A.3d 1055, 1063-64 (Pa. 2019) (internal citations, quotation marks omitted). As this Court has explained,

>[i]t is a fundamental rule of law that a warrant must name or describe with particularity the property to be seized and the person or place to be searched.... The particularity requirement prohibits a warrant that is not particular enough and a warrant that is overbroad. These are two separate, though related, issues. A warrant unconstitutional for its lack of particularity authorizes a search in terms so ambiguous as to allow the executing officers to pick and choose among an individual's possessions to find which items to seize. This will result in the general "rummaging" banned by the [F]ourth [A]mendment. A warrant unconstitutional for its overbreadth authorizes in clear or specific terms the seizure of an entire set of items, or documents, many of which will prove unrelated to the crime under investigation. ... An overbroad warrant is unconstitutional because it authorizes a general search and seizure.

*Commonwealth v. Orie*, 88 A.3d 983, 1002-03 (Pa. Super. 2014) (citation omitted). Despite these fundamental prohibitions, "the Pennsylvania Supreme Court has instructed that search warrants should be 'read in a common sense fashion and should not be invalidated by hypertechnical interpretations. This may mean, for instance, that when an exact description of a particular item is not possible, a generic description will suffice.'" *Id.* at 1003 (citation omitted). "[W]here the items to be seized are as precisely identified as the nature of the activity permits ... the searching officer is only required to describe the general class of the item he is seeking." *Commonwealth v. Kane*, 210 A.3d 324, 333 (Pa. Super. 2019) (citation and quotation marks omitted). Specifically, regarding electronic devices, "a warrant may permit the seizure of electronic equipment so long as the search of the equipment is limited to looking for evidence of the specific crimes that the police had probable cause to believe

J-S52009-20

the defendant committed." ***Commonwealth v. Green***, 204 A.3d 469, 481

(Pa. Super. 2019).

> Here, in denying the motion to suppress, the trial court explained:
>
> Defendant now seeks to suppress the numerous items seized pursuant to these two search warrants. As the basis for suppression, defendant argues that there is no nexus between the messages between defendant and the Cl, including the nude image, and the search of all electronic equipment within the home of the defendant. He asserts that there is no basis for seizure of the external hard drives, DVDs, CDs, or DVD player, etc. because such items cannot be used to access Facebook. We disagree. What defendant neglects to consider is that digital media can be sent through Facebook, then downloaded to a computer or hard drive, and subsequently uploaded to a DVD or CD for purposes of viewing on a DVD player. Digital media can take a number of different formats; hence, the basis for seizure of such a range [of] items. For example, defendant could have easily accessed the Cl's nude photo from Facebook Messenger and downloaded it from his smart phone to his laptop computer, then deleted it from his phone. He could then move the photo from his computer to a CD for safekeeping and delete the image from his computer. Were the search warrant to be limited in the manner defendant desires, he would be able to evade the authorities by simply deleting the digital media from his devices which are capable of accessing the internet.
>
> We, therefore, conclude that the search warrants clearly established sufficient probable cause that evidence of a crime would be found in the residence of defendant. The State Police had every reason to believe that they would find the nude image of the Cl and/or the subject messages on one or more of defendant's media devices, which would potentially confirm that defendant was perpetrator of the assault of the young boy as well the individual soliciting the Cl to engage in sexual abuse of her child. This amounts to a sufficient nexus between the crimes being investigated, e.g. sexual abuse of children, and the location to be searched and/or items to be taken, e.g. electronic equipment and media devices located in defendant's residence.

Order, 11/8/2018, at 4.

- 7 -

The suppression court's findings and conclusions are supported by the record and are free of legal error. The Affidavit of Probable Cause described the information provided by the confidential source, and facts establishing probable cause to believe that evidence of child sex trafficking would be found on the mentioned devices. Further, the Affidavit of Probable Cause supporting the warrant limited the search of the electronic devices to evidence of the crime. **See Green**, 204 A.3d at 482 (concluding that a search warrant was not overbroad where it contained a general description of electronic items to be seized, but limited the search of the seized devices to evidence relating to possession or distribution of child pornography); **see also Kane**, 210 A.3d at 333 (concluding that a search warrant authorizing the search of a particular external hard drive for files containing child pornography was not overbroad, where the affidavit of probable cause "describe[d] the investigation and the facts that lead [*sic*] to the conclusion that there was a fair probability that child pornography would be found on the external hard driven given the fact that links to the hard drive and evidence of contraband files were found on the home desktop [computer]."). Finally, the police obtained a second, more particularized warrant prior to searching the actual content of the devices. By their nature, digital storage systems must be seized in their entirety and then searched at a later time. Considering the warrant in that context, the trial court was correct in determining that the warrant was not overbroad. Thus, Holmes's challenge to the search warrant lacks merit.

Holmes's next claim is that the evidence was insufficient to support his convictions. However, it is not clear from counsel's **Anders** brief exactly which element or elements of the crime charged Holmes finds insufficient. Further, Holmes has not responded to the **Anders** brief,[5] and therefore we are unable to determine what his sufficiency argument on appeal actually entails.[6]

Our standard of review is:

> In evaluating a challenge to the sufficiency of the evidence, we view all the evidence admitted at trial in the light most favorable to the Commonwealth, which has won the verdict, and draw all reasonable inferences in its favor. We then determine whether the evidence was sufficient to have permitted the trier of fact to find that each and every element of the crimes charged was established beyond a reasonable doubt. [I]t is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. The factfinder is free to believe all, part or none of the evidence. In addition, the facts and circumstances established by the Commonwealth need

---

[5] We previously granted Holmes additional time in which to file a response setting forth his arguments, due to complications accessing the prison law library caused by the COVID-19 pandemic. He has since submitted an additional request for more time. Although he indicated his desire to respond, he failed to provide even a summary of his contentions. While we respect his desire for thoroughness, there is simply a limited amount of claims he can raise on this direct appeal: unwaivable claims or those that were preserved below. If he wishes to raise an unpreserved claim, he must wait to file a petition pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9541-9546. Under these circumstances, we were unable to grant him the potentially unlimited extension he sought.

[6] In his pre-sentence motion for extraordinary relief, Holmes raised multiple arguments against the sufficiency of the evidence supporting his convictions. These arguments, including arguments attacking the credibility of multiple witnesses and a claim that police entrapped Holmes, do not constitute proper challenges to the sufficiency of the evidence. **See Commonwealth v. Gaskins**, 692 A.2d 224, 227 (Pa. Super. 1997) (stating challenges to credibility of witnesses goes to the weight of the evidence, not sufficiency).

not be absolutely incompatible with [the] defendant's innocence, but the question of any doubt is for the [factfinder] unless the evidence be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Nicotra*, 625 A.2d 1259, 1261 (Pa. 1993) (citations and internal quotation marks omitted).

The crime of sexual abuse of children is defined as follows:

§ 6312. Sexual abuse of children

(a) Definition.—As used in this section, "prohibited sexual act" means sexual intercourse as defined in section 3101 (relating to definitions), masturbation, sadism, masochism, bestiality, fellatio, cunnilingus, lewd exhibition of the genitals or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction.

* * *

(d) Possession of child pornography.—

(1) Any person who knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S.A. § 6312(a), (d).

Under our standard of review, the record contains the following evidence supporting Holmes's conviction. Holmes was the admitted owner of the electronic devices. Each of the counts of sexual abuse of children corresponds to a separate photograph or video. Prior to trial, the parties stipulated to the fact that all four hundred and seventy-seven videos - located on twelve DVDs and two hard drives - depict prohibited sex acts being performed upon a child

under the age of eighteen years old. *See* Commonwealth Exhibit C-25, 5/7/2019. Further, the testimony of Holmes's wife supports a finding that Holmes intentionally viewed and knowingly possessed or controlled the depictions of child pornography. *See* N.T., 5/7/2019, at 10-12, 17, 24-25.

Viewing the evidence in the light most favorable to the Commonwealth, together with all reasonable inferences favorable to the Commonwealth, the evidence is clearly sufficient to find Holmes guilty of all elements of the offense beyond a reasonable doubt. Holmes's sufficiency claim fails.

The next issue raised is whether the verdict was against the weight of the evidence. Again, it is unclear what the exact argument is against the weight of the evidence.

Our standard of review for a challenge to the weight of the evidence is as follows. A new trial should be granted only where the verdict "is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Roane*, 204 A.3d 998, 1001 (Pa. Super. 2019). When "the figure of Justice totters on her pedestal," or "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." *Commonwealth v. Cruz*, 919 A.2d 279, 282 (Pa. Super. 2007) (citation omitted).

Our Supreme Court has repeatedly emphasized: "One of the least assailable reasons for granting or denying a new trial is the lower court's

- 11 -

conviction that the verdict was or was not against the weight of the evidence."

***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000). When reviewing a challenge to the weight of the evidence, the verdict may be reversed only if it is so contrary to the evidence as to shock one's sense of justice. ***See Commonwealth v. Simmons***, 662 A.2d 621, 630 (Pa. 1995).

As set forth above, the record amply supports the trial court's decision to deny the weight claim. The verdict is not shocking to the judicial conscience, and we discern no abuse of discretion or error of law in the trial court rejecting Holmes's weight claim.

The final issue raised in the ***Anders*** brief presents a challenge to the discretionary aspects of Holmes's sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

We note, counsel has failed to include a Pa.R.A.P. 2119(f) statement. "Where counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).

However, while Holmes raised a sentencing issue in his timely filed post-sentence motion, we find it was insufficient to preserve the matter for our review. In his post-sentence motion, Holmes simply claimed the court abused its discretion in sentencing him to an aggregate sentence of twenty to forty years without further explanation. This generic claim does not raise an actual argument with regards to his sentence, nor does it raise a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*); *Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012).

However, even if Holmes raised a substantial question, the issue is not meritorious. We acknowledge that all five of the sentences imposed exceeded the aggravated range of the sentencing guidelines, thereby presenting a possibly meritorious argument that they were unreasonable. However, this circumstance is balanced by the fact that the court only sentenced Holmes on five of his four hundred and seventy-seven convictions. Clearly, the same aggregate sentence could have been imposed through standard range

sentences of one to two years on twenty-five of his four hundred and seventy-seven convictions.

Further, the aggregate sentence, viewed as a whole, is not unreasonable based on the scope and nature of Holmes's criminal conduct.

Finally, the court considered a pre-sentence report. Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

***Commonwealth v. Hallock***, 603 A.2d 612, 616 (Pa. Super. 1992).

Holmes's challenge to the discretionary aspects of his sentence is frivolous. Our independent review of the record reveals no other, non-frivolous issues that he could raise on appeal.

We affirm Holmes's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/19/21