2019 PA Super 153

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT KANE | : | |
| | : | |
| Appellant | : | No. 864 EDA 2018 |

Appeal from the Judgment of Sentence February 16, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000702-2017

BEFORE:   OTT, J., DUBOW, J., and STEVENS*, P.J.E.

OPINION BY DUBOW, J.:                           **FILED MAY 09, 2019**

Appellant, Vincent Kane, appeals from the Judgment of Sentence of twenty to sixty months' incarceration following his non-jury conviction for Invasion of Privacy, Possession of Child Pornography, and Criminal Use of Communication Facilities.[1]  Appellant challenges the denial of his Motion to Suppress evidence derived from the warrantless search of his abandoned cell phone and the search of the external hard drive of his computer pursuant to a search warrant.  After careful review, we affirm.

The relevant factual and procedural history, as gleaned from the certified record, are as follows.  On September 22, 2016, a female student at Villanova University discovered a smart cell phone[2] in the co-ed dormitory

---

[1] 18 Pa.C.S. §§ 7507.1(a)(1), 6312(d), and 7512(a), respectively.
[2] A smart cell phone, or "smartphone," is "a cell phone with a broad range of other functions based on advanced computing capability, large storage capacity, and Internet connectivity."  **Commonwealth v. Fulton**, 179 A.3d 475, 479 n.5 (Pa. 2018) (citation omitted).

---

*   Former Justice specially assigned to the Superior Court.

bathroom. The cell phone was behind a "wet floor" sign, and was actively video recording the toilet area. The camera captured the activities of men and women using the toilet. The student took the cell phone to the Villanova University Police, who turned the cell phone over to the Delaware County Criminal Investigation Division ("CID").

CID Detective Edmond Pisani, a computer forensic examiner assigned to the Internet Crimes Against Children Task Force, consulted with the Delaware County District Attorney's Office and declined to obtain a search warrant for the cell phone after a Deputy District Attorney advised him that he should consider the cell phone to be abandoned. Detective Pisani proceeded to conduct a forensic examination of the cell phone and identified Appellant as the owner of the cell phone after viewing several videos of Appellant setting up the video camera function on the cell phone to record. Detective Pisani recovered videos of Villanova students in the bathroom, "upskirt" videos taken at a C.V.S. store where Appellant worked, and videos of students secretly recorded at Cardinal O'Hara School, where Appellant had attended high school the year before.

On September 27, 2017, Detective Pisani, CID Detective John Hoffner, and Villanova Police Chief David Tedjeske located Appellant in a classroom and asked to speak with him. Appellant agreed, and all four men walked to a smaller, unlocked room next to the classroom. Appellant agreed to have his interview recorded. Detective Hoffner told Appellant that he was not under arrest and he was free to leave at any time. Upon questioning, Appellant

disclosed that he downloaded videos from his cell phone to a home desktop computer, which was located in Broomall, Pennsylvania, where he lived with his mother. Appellant signed a written consent to search both his laptop computer and his home desktop computer; officers seized the desktop computer and, during a search, discovered that an external hard drive had recently been connected to the computer.

On September 28, 2016, pursuant to a search warrant, Detective Pisani seized and searched the external hard drive for videos of people in bathrooms and invasion of privacy. Detective Pisani discovered child pornography on the external hard drive and suspended his search. On October 4, 2016, Detective Pisani obtained a second warrant to search for images of child pornography on the external hard drive. Detective Pisani recovered numerous images evidencing Invasion of Privacy and Possession of Child Pornography.

On October 26, 2016, Appellant was charged with twenty-five counts of Invasion of Privacy, twenty counts of Possession of Child Pornography, and four counts of Criminal Use of a Communication Facility. On March 23, 2017, Appellant filed an Omnibus Pre-Trial Motion, including a Motion to Suppress Physical Evidence. Specifically, Appellant moved to suppress evidence obtained from the cell phone, arguing that the police conducted an illegal warrantless cell phone search. He also sought to suppress evidence obtained from the external hard drive, arguing that the October 4, 2016 search warrant was flawed. On May 12, 2017, after a hearing, the trial court denied Appellant's Motion to Suppress evidence derived from the cell phone after

concluding that Appellant voluntarily abandoned his cell phone and therefore had no reasonable expectation of privacy. *See* Order, 5/12/17, at 5-6. On the same day, the trial court denied Appellant's Motion to Suppress evidence derived from the external hard drive, finding that the search was authorized by a warrant. *See id.* at 8.

On November 28, 2017, trial commenced and Appellant chose to waive his right to a jury trial. In exchange, the Commonwealth agreed to proceed on only four counts of Invasion of Privacy, three counts of Possessing Child Pornography, and two counts of Criminal Use of a Communications Facility.[3] The parties entered stipulations regarding the Appellant's identity and the Commonwealth's evidence.

On December 4, 2017, the trial court found Appellant guilty of all counts. On February 16, 2018, the trial court imposed an aggregate sentence of twenty to sixty months' incarceration followed by eight years of probation.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

I.    Whether the trial court erred when it denied the Motion to Suppress evidence derived directly or indirectly from a warrantless cell phone search in violation of Article I, Section 8 of the Pennsylvania Constitution and the Fourth Amendment to the Constitution of the United States?

II.   Whether the trial court erred when it denied the Motion to Suppress evidence derived directly or indirectly from the

_____

[3] The Commonwealth withdrew the remaining charges.

search of an external hard drive pursuant to an overbroad warrant?

Appellant's Brief at 2.

Once a defendant files a motion to suppress evidence, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights. **Commonwealth v. Wallace**, 42 A.3d 1040, 1047–48 (Pa. 2012) (citing Pa.R.Crim.P. 581(H)). When this Court reviews a ruling on a motion to suppress, our standard of review is well settled: we are bound by the suppression court's factual findings that are supported by the record but we review its legal conclusions *de novo*. **Commonwealth v. Cooley**, 118 A.3d 370, 373 (Pa. 2015). "Our scope of review is limited to the record developed at the suppression hearing, considering the evidence presented by the Commonwealth as the prevailing party and any uncontradicted evidence presented by [the defendant]." **Commonwealth v. Fulton**, 179 A.3d 475, 487 (Pa. 2018) (citation omitted).

**Warrantless Search of Cell Phone**

In his first issue, Appellant avers that the court erred when it denied the Motion to Suppress evidence derived directly or indirectly from a warrantless search of his cell phone. Appellant's Brief at 10. Appellant avers that the warrantless search violated his constitutional rights under Article I, Section 8 of the Pennsylvania Constitution and the Fourth Amendment of the United States Constitution. *Id.* at 2. Appellant argues that the trial court erred

pursuant to the Pennsylvania Supreme Court's decision in **Fulton**, 179 A.3d at 479, which held that "accessing any information from a cell phone without a warrant contravenes the United States Supreme Court's decision in **Riley v. California** and **United States v. Wurie**, [573 U.S. 373 (2014)] (hereinafter, "**Riley/Wurie**")." **See** Appellant's Brief at 13. Appellant contends that he did not abandon the cell phone because he intended to come back to the cell phone and retrieve the video, and that, nevertheless, "the privacy interest is in the cell phone, not in the location or the use of the cell phone." **Id.** at 20, 22. In response, the Commonwealth asserts that Appellant "had no objective expectation of privacy in the cell phone which society would recognize when he left it turned on and recording in a public bathroom[.]" Commonwealth's Brief at 7. We agree.

Both the Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution "guarantee individuals freedom from unreasonable searches and seizures." **Commonwealth v. Bostick**, 958 A.2d 543, 550 (Pa. Super. 2008) (citation omitted). In Pennsylvania, a defendant charged with a possessory offense has "automatic standing" to pursue a suppression motion under Rule 581. **Commonwealth v. Enimpah**, 106 A.3d 695, 698 (Pa. 2014). However, in addition to standing, "a defendant must show that he had a privacy interest in the place invaded or thing seized that society is prepared to recognize as reasonable." **Id.** "The expectation of privacy is an inquiry into the validity of the search or seizure

itself; if the defendant has no protected privacy interest, neither the Fourth Amendment nor Article I, § 8 is implicated." *Id.* at 699.

This Court has found that an expectation of privacy will exist when the individual exhibits an actual or subjective expectation of privacy and that expectation is one that society is prepared to recognize as reasonable. *Commonwealth v. Jones*, 874 A.2d 108, 118 (Pa. Super. 2005). In determining whether a person's expectation of privacy is legitimate or reasonable, we must consider the totality of the circumstances and the determination "ultimately rests upon a balancing of the societal interests involved." *Commonwealth v. Peterson*, 636 A.2d 615, 619 (Pa. 1993) (citations omitted). "The constitutional legitimacy of an expectation of privacy is not dependent on the subjective intent of the individual asserting the right but on whether the expectation is reasonable in light of all the surrounding circumstances." *Commonwealth v. Viall*, 890 A.2d 419, 422 (Pa. Super. 2005) (citation omitted).

Generally, the Fourth Amendment requires that law officers obtain a warrant before they intrude into a place of privacy; however, an exception to the warrant requirement exists when the property seized has been abandoned. *Commonwealth v. Clark*, 746 A.2d 1128, 1133 (Pa. Super. 2000). "[T]o prevail on a suppression motion, a defendant must demonstrate a legitimate expectation of privacy in the area searched or effects seized, and such expectation cannot be established where a defendant has meaningfully abdicated his control, ownership or possessory interest." *Commonwealth v.*

*Dowds*, 761 A.2d 1125, 1131 (Pa. 2000). Simply put, "no one has standing to complain of a search or seizure of property that he has voluntarily abandoned." *Commonwealth v. Shoatz*, 366 A.2d 1216, 1220 (Pa. 1976).

Our Supreme Court has explained, "abandonment of a privacy interest is primarily a question of intent and may be inferred from words spoken, acts done, and other objective facts." *Dowds*, 761 A.2d at 1131. "All relevant circumstances existing at the time of the alleged abandonment should be considered." *Shoatz*, 366 A.2d at 1220. "The issue is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search." *Id.*

In this case, the trial court concluded that Appellant "relinquished his expectation of privacy in his cell phone when [he] voluntarily left it operating as a recorder in the dormitory bathroom." Trial Court Opinion, dated 4/20/18, at 15. The trial court made the following factual findings:

> The totality of the circumstances upon which this conclusion is based follow. [Appellant] intentionally and volitionally left his cell phone unattended, powered on and recording in a dormitory bathroom. The bathroom was open and available to residents and visitors in the dorm. Any one of the many people who used that bathroom had access to the cell[]phone and its contents. Although he may have attempted to hide the cell phone behind a "wet floor" sign, in view of the circumstances his feeble attempt to obscure the cell phone may be viewed simply as a means to surreptitiously record his victims as opposed to demonstrating an

expectation of privacy in his property. [Appellant] used the recording capability of the phone to capture images of unknowing victims who were using the toilet. Defendant did not live in the dormitory. He lived with his mother at their home in Broomall. There is nothing in the record that indicates that the cell[]phone was lost or stolen. In fact, the only reasonable inference that can be drawn from the facts of record is that [Appellant] placed and then left his cell phone recording others in a bathroom that was accessible to anyone who happened to use the bathroom. Detective Pisani examined the phone, determined the identity of the owner and confirmed that it was recording the bathroom activities of the students. While [Appellant] may have intended to retrieve his cell[]phone/recording device later, this fact does not alter our conclusion. The [Appellant] intentionally left his cell phone open and accessible to others in a public area.

*Id.* at 16-17.

In light of the trial court's findings of fact, which the record supports, we discern no error of law in the trial court's conclusion that when Appellant intentionally and voluntarily left his cell phone in a public bathroom he did **not** have a reasonable expectation of privacy in his cell phone. Once Appellant voluntarily abandoned his cell phone in a public bathroom, he abandoned any legitimate expectation of privacy in its contents. Likewise, he abandoned standing to complain of a search or seizure of that cell phone. *See Schoatz*, 366 A.2d at 1219-20. Accordingly, under the facts and circumstances of this case, the trial court did not err when it concluded that Appellant did not have a reasonable expectation of privacy and denied Appellant's Motion to Suppress the warrantless search of his cell phone. *Cf. Commonwealth v. Sodomsky*, 939 A.2d 363, 369 (Pa. Super. 2007) (reversing the suppression of child pornography found on a personal computer when the defendant left his

computer at a store for repairs, concluding that he "knowingly exposed the contents of his computer to the public and [] lost any reasonable expectation of privacy in those contents").

Appellant argues that the trial court erred pursuant to the United States Supreme Court decision in *Riley/Wurie*, and the Pennsylvania Supreme Court's subsequent decision in *Fulton*. Because Appellant abandoned his cell phone, and therefore his expectation of privacy, both *Riley/Wurie* and *Fulton* are easily distinguishable from the instant case.

Here, police conducted a warrantless search of a cell phone that Appellant voluntarily **abandoned**, while it was turned on and recording, in a public bathroom. However, in *Riley/Wurie*, police conducted a warrantless search of a cell phone that was **not abandoned** by its owner, but rather seized directly from its owner incident to arrest. *See Riley/Wurie*, 573 U.S. at 378-380. Likewise, in *Fulton*, police conducted a warrantless search of a cell phone that was **not abandoned** by its owner, but rather seized from a car – pursuant to a warrant to search the car – after police arrested its owner while he was sitting in that car. *See Fulton*, 179 A.3d at 479-480.

While Appellant argues that the holding in *Fulton* applies to warrantless searches of **all** cell phones, we decline to conclude that *Fulton* stands for the overbroad and sweeping proposition that police must get a warrant to search a cell phone, even if it has been **abandoned**, when the facts of the case and our case law pertaining to abandoned property do not support that

proposition. *See Commonwealth v. Resto*, 179 A.3d 18, 22 (Pa. 2018) ("the holding of a judicial decision is to be read against its facts").

Moreover, as the trial court observed, the "holdings in [*Riley/Wurie*] and *Fulton, supra*, do not relieve a defendant of the burden of demonstrating a reasonable expectation of privacy on a cell phone that is searched." Trial Court Opinion, dated 4/20/18, at 15. Under the facts and circumstances of this case where Appellant abandoned his cell phone, which was turned on and recording, in a public bathroom, we conclude that the trial court did not err in denying Appellant's Motion to Suppress.

**Search of External Hard Drive**

In his second issue, Appellant avers that the trial court erred when it denied the Motion to Suppress evidence derived directly or indirectly from the search of an external hard drive pursuant to an overbroad warrant. Appellant's Brief at 25. Appellant argues that the court erred in granting the search warrant because the application sought a search of the entire external hard drive without any limitations on the dates of the files requested, even though the application lists the date of the violation as September 28, 2016. *See id.* at 26.

"It is a fundamental rule of law that a warrant must name or describe with particularity the property to be seized and the person or place to be searched[;]" this particularity requirement prohibits both a warrant that is not particular enough and a warrant that is overbroad. *Commonwealth v. Dougalewicz*, 113 A.3d 817, 827 (Pa. Super. 2015) (citation omitted). A

- 11 -

warrant that is not particular enough "authorizes a search in terms so ambiguous as to allow the executing officers to pick and choose among an individual's possessions to find which items to seize[,]" resulting in "the general 'rummaging' banned by the Fourth Amendment." *Id.* An overbroad warrant "authorizes in clear or specific terms the seizure of an entire set of items, or documents, many of which will prove unrelated to the crime under investigation[,]" and "is unconstitutional because it authorizes a general search and seizure." *Id.*

However, search warrants should "be read in a common sense fashion and should not be invalidated by hypertechnical interpretations. This may mean, for instance, that when an exact description of a particular item is not possible, a generic description will suffice." *Commonwealth v. Rega*, 933 A.2d 997, 1012 (Pa. 2007) (quoting Pa.R.Crim.P. 205 cmt.). Accordingly, "where the items to be seized are as precisely identified as the nature of the activity permits . . . the searching officer is only required to describe the general class of the item he is seeking." *Id.* (citation omitted). Importantly, "[b]ecause the particularity requirement in Article I, Section 8 is more stringent than in the Fourth Amendment, if the warrant is satisfactory under the Pennsylvania Constitution it will also be satisfactory under the federal Constitution." *Commonwealth v. Orie*, 88 A.3d 983, 1003 (Pa. Super. 2014).

Instantly, the trial court opined:

> The search warrant authorizes the search of a particular external hard drive that is identified by serial number. The search authorized is for files containing child pornography. The probable cause set forth in the affidavit describes the investigation and the facts that lead to the conclusion that there was a fair probability that child pornography would be found on the external hard drive given the fact that links to the hard drive and evidence of contraband files were found on the home desktop [computer]. Read in a common sense manner, the search authorized is specific and supported by probable cause to believe that files containing child pornography would be found on the external hard drive.

Trial Court Opinion, dated 4/20/18 at 22. Our review of the record supports the trial court's findings and we find no error of law.

## Conclusion

Because Appellant abandoned his cell phone, which was turned on and recording, in a public bathroom, the trial court properly applied relevant case law and did not err in concluding that Appellant did not have a reasonable expectation of privacy in its contents. In addition, our review of the record reveals that the search warrant authorizing the search of Appellant's external hard drive was not overbroad. The record supports the trial court's findings, and the trial court did not err in denying Appellant's Motion to Suppress evidence derived from Appellant's cell phone and external hard drive.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/19