J-S16030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| IN RE: STEPHEN KANE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: STEPHEN KANE AND | : | |
| VINCENT KANE | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1958 EDA 2022 |

Appeal from the Order Entered July 27, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at CP-23-MD-0000951-2022

BEFORE:  DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 9, 2023**

Stephen J. Kane, acting *pro se* and purporting to be "Power of Attorney & Representative,"[1] for his son, Vincent Kane (Appellants), appeal from the order affirming the District Attorney's refusal to prosecute Appellants' private criminal complaint (PCC).

The trial explained:

> This proceeding emanates from the [Commonwealth's] prosecution of Vincent Kane for procuring "upskirt" and "bathroom videos[,]" as well as possession of child pornography.  After a

_____

[1] This Court has held that an agent's *pro se* legal representation of a principal under a power of attorney is "contrary to the constitution, the laws, and the public policy of this Commonwealth," and constitutes the unauthorized practice of law.  ***Kohlman v. W. Pennsylvania Hosp.***, 652 A.2d 849, 853 (Pa. Super. 1994).  To the extent Stephen Kane appears *pro se*, we deem him to be acting only on his own behalf.  However, for clarity, we reference Stephen J. Kane and Vincent Kane collectively as "Appellants."

[stipulated[2]] bench trial, convened on November 28, 2017, Vincent Kane was found guilty of five counts of invasion of privacy (photograph, view intimate parts of another person), three counts of possession of child pornography and two counts of criminal use of a communications facility. The court imposed a cumulative sentence of twenty to sixty months' incarceration[,] followed by eight years' probation.

Trial Court Opinion, 9/14/22, at 2 (unnumbered) (footnotes omitted, footnote added).

Vincent Kane unsuccessfully appealed his convictions. *See Commonwealth v. Kane*, 210 A.3d 324 (Pa. Super. 2019), *appeal denied*, 218 A.3d 856 (Pa. 2019), *cert. denied*, 140 S.Ct. 2650 (2020).

While Vincent Kane's appeal before this Court was pending:

Stephen Kane (as "Stephen Kane - Power of Attorney & Representative for Vincent Kane") filed a [PCC f]orm seeking the [Delaware County District Attorney's (DCDA)] intervention to prosecute a detective [from] the DCDA's Criminal Investigation Division (CID). … The DCDA declined the prosecution on or about April 3, 2018. Approximately ten days later, [Stephen Kane filed a p]etition for [r]eview of the DCDA's decision[.] …

At a hearing convened on May 16, 2018, the court entertained argument and received evidence. … Shortly thereafter, the [trial court] issued a careful and comprehensive analysis of [its] decision rejecting [Appellants'] application.

---

[2] In return for Vincent Kane's agreement to proceed with a stipulated bench trial, the Commonwealth dropped 21 counts of invasion of privacy, 17 counts of possession of child pornography, and two counts of criminal use of a communication facility.

Trial Court Opinion, 9/14/22, at 2-3 (unnumbered) (footnotes omitted).[3]

In 2020, Vincent Kane filed a petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. *Id.* at 3 (unnumbered); *see also Commonwealth v. Kane*, 290 A.3d 679 (Pa. Super. 2022) (unpublished memorandum at 3). In his PCRA petition, Vincent Kane alleged "the Commonwealth withheld a second forensic report, which [it allegedly did not turn] over until the day of the stipulated trial." *Kane*, *supra* at 5. Vincent Kane claimed the Commonwealth violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* The PCRA court held a hearing, after which it rejected the claim. The PCRA court stated:

> [A]ll non-contraband evidence was prepared in a packet and handed to [Vincent Kane's counsel at the time,] well ahead of trial in this matter. … The [PCRA] court finds the testimony of [Vincent Kane's subsequent counsel] incredible as it related to the second forensic report allegedly being sprung on him at the "11th hour."

*Id.* at 5-6. On appeal, this Court agreed, concluding Vincent Kane "failed to establish that evidence was suppressed by the Commonwealth[.]" *Id.* at 6.

> Shortly thereafter, Appellants filed a PCC form
>
> seeking prosecution of five individuals (either as current or former members of the DCDA's Office or its affiliated investigative arm, [CID]) for their supposed involvement in tampering or fabricating evidence and criminal conspiracy. Ostensibly the witnesses at the PCRA hearing admitted to withholding exculpatory evidence.

---

[3] Appellants appealed the dismissal of their petition for review. On May 10, 2019, this Court dismissed the appeal for failure to file a brief. *Kane v. Pisani*, 1582 EDA 2018 (Pa. Super. filed May 10, 2019) (order).

Trial Court Opinion, 9/14/22, at 3 (unnumbered).

In a letter dated April 5, 2022, Deputy District Attorney Douglas A. Rhoads stated that after reviewing the PCC, the proposed criminal charges "lacked prosecutorial merit." Letter, 4/5/22, at 1 (unnumbered). On July 27, 2022, the trial court entered an order denying the petition and sustaining disapproval of the complaint. Appellants filed a timely notice of appeal.

Appellants raise the following issue:

A)      Did the trial court err and/or abuse its discretion as a matter of law in determining that there was a valid legal and policy reasons [*sic*] relied upon by the District Attorney and erred in failing to conduct a *de novo* review of [Appellants'] petition [for] review[?]

Appellants' Brief at 5 (unnecessary capitalization omitted).

PCCs are governed by Rule 506 of the Pennsylvania Rules of Criminal Procedure, which provides:

**Rule 506. Approval of Private Complaints**

(A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(B) If the attorney for the Commonwealth:

(1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506(A)-(B).

Our Supreme Court recently altered the standard by which we review the disapproval of PCCs:

> We hold that, when reviewing a prosecutor's decision disapproving a private criminal complaint under Rule 506, a court of common pleas may **only overturn that decision if the private complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional**. In so holding, we denounce the prior rubric, where the applicable standard of review depended on the asserted basis for the prosecutor's disapproval decision.

*In re Ajaj*, 288 A.3d 94, 109 (Pa. 2023) (emphasis added).[4]

Instantly, the District Attorney stated the following reasons for disapproving Appellants' PCCs:

> 1) they lack prosecutorial merit; 2) for policy considerations, and 3) the allegations lack sufficient evidence.

---

[4] *Ajaj* was decided on January 19, 2023, during the pendency of this appeal.

> When th[e Pennsylvania Supreme] Court issues a ruling that overrules prior law, [or] expresses a fundamental break from precedent, upon which litigants may have relied, ... th[e Supreme] Court announces a new rule of law. One of the hallmarks of whether th[e Supreme] Court has issued a new rule of law is if the decision overrules, modifies, or limits any previous [appellate] opinions .... While retroactive application of a new rule of law is a matter of judicial discretion usually exercised on a case-by-case basis, the general rule is that the decision announcing a new rule of law is applied retroactively so that a party whose case is pending on direct appeal is entitled to the benefit of the changes in the law.

*In the Interest of L.J.*, 79 A.3d 1073, 1087 (Pa. 2013) (citations and quotation marks omitted). While we apply the new rule in the instant matter, we note that its application made no difference in our disposition, as we would have affirmed under the prior standard of review.

....

> The allegations raised in the PCCs were duly raised, litigated, and rejected by the trial court in the PCRA opinion. Accordingly, it is the view of the Office of District Attorney that the aforementioned PCCs lack prosecutorial merit and are denied. Additionally, for policy, PCRAs will not be relitigated when subsequently styled as PCCs. Finally, the allegations raised by [Appellants] lack sufficient evidence.

Letter, 4/5/22, at 2 (unnumbered).

The trial court found no abuse of discretion by the District Attorney. The court stated: "Other than the identification of additional individuals involved in perpetrating the alleged criminal wrong against Vincent Kane, the legal allegation underlying this proceeding presents a substantially similar argument to the one offered previously [in the PCRA petition]." Trial Court Opinion, 9/14/22, at 4 (unnumbered). The court concluded it was bound by the PCRA court's decision, and allowing the PCCs would violate the principles of collateral estoppel and the coordinate jurisdiction rule. *Id.* at 4-5 (unnumbered).

Applying the proper standard and scope of appellate review and upon review of the record, we conclude Appellants did not demonstrate that the district attorney's decision to disprove the PCCs was a result of "bad faith, occurred due to fraud, or was unconstitutional." *Ajaj*, *supra*. The trial court did not err in finding the PCCs were an attempt to collaterally overrule the PCRA court's decision, and to allow them would violate the coordinate

jurisdiction rule.  ***See Zanes v. Friends Hosp.***, 836 A.2d 25, 29 (Pa. 2003)

(explaining the coordinate jurisdiction rule).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2023