J-S11021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAYE W. GWEH | : | |
| | : | |
| Appellant | : | No. 1185 EDA 2023 |

Appeal from the Judgment of Sentence Entered May 2, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006403-2022


BEFORE:   BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 17, 2024**

Saye W. Gweh appeals from the judgment of sentence entered for his convictions for possession of a firearm prohibited, firearms not to be carried without a license, and carrying firearms on public streets in Philadelphia.[1] Gweh challenges the denial of his motion to suppress. We affirm.

The trial court aptly summarized the evidence from the motion to suppress:

> On the night of June 22, 2023, Officer George Tsoflias ("Officer Tsoflias") was on routine patrol when he observed a car illegally parked with two wheels on the sidewalk at the 5200 block of Hazel Avenue in West Philadelphia. N/T February 6, 2023, Pg. 7. Officer Tsoflias approached the vehicle on the passenger side while his partner approached the driver's side. *Id.* at Pg. 9. There, he observed two males sleeping in the vehicle. *Id.* Saye Gweh ("Defendant") was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

the passenger. ***Id.*** Officer Tsoflias knocked on the window of the vehicle to wake up the occupants. ***Id.*** Officer Tsoflias then observed [Gweh] move an object from his waistband after being awoken. ***Id.*** at Pg. 10. Officer Tsoflias opened the passenger door and requested [Gweh] exit the vehicle. ***Id.*** [Gweh] did not comply. ***Id.*** Officer Tsoflias thereafter physically removed [Gweh] from the vehicle. ***Id.*** at 12.

Once [Gweh] was outside[,] Officer Tsoflias observed a firearm on the passenger seat where [Gweh] had been sitting. ***Id.*** at Pg. 13. [Gweh] then fled westbound on Hazel Avenue. ***Id.*** at Pg. 15. Officer Tsoflias deployed his taser and attempted to place [Gweh] in custody. ***Id.*** At that time, back up Officer Kevin Semonelle ("Officer Semonelle") arrived to assist in apprehending [Gweh]. ***Id.*** at Pg. 41. Officer Tsoflias directed Officer Semonelle to check the passenger seat of the vehicle. ***Id.*** Officer Semonelle did and recovered the firearm from the passenger seat, as Officer Tsoflias had indicated. ***Id.*** During the investigation, the officers established that [Gweh] did not have a license to carry a firearm. ***Id.*** at Pg. 15.

Rule 1925(a) Opinion, filed July 25, 2023, at 1-2. The court denied Gweh's suppression motion, concluding the police "had probable cause and reasonable suspicion to engage with the occupants of the car" and the gun was in plain view. ***See*** N.T., 2/6/23, at 61. Gweh proceeded directly to a non-jury trial. The court found him guilty of the above referenced offenses and imposed an aggregate sentence of two and one half to five years' incarceration followed by four years' reporting probation. This timely appeal followed.

Gweh raises the following question: "Did the trial court err in denying [Gweh's] motion to suppress a firearm, where police unlawfully seized that gun from a car without a warrant and without exigent circumstances?" Gweh's Br. at 4.

When reviewing the denial of a motion to suppress, we determine whether the court's factual findings are supported by the record and if the court committed any error of law. *See Commonwealth v. McMahon*, 280 A.3d 1069, 1071 (Pa.Super. 2022). "Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted." *Id.* (quoting *Commonwealth v. Yandamuri*, 159 A.3d 503, 516 (Pa. 2017)). Our standard of review for questions of law is *de novo* and our scope is limited to the suppression hearing record. *See Commonwealth v. Kane*, 210 A.3d 324, 329 (Pa.Super. 2019).

The Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect citizens from unreasonable searches and seizures. Police must obtain a warrant to search unless an exception applies. One such exception is the plain view doctrine. "The plain view doctrine allows the admission of evidence seized without a warrant when: (1) an officer views the object from a lawful vantage point; (2) it is immediately apparent to [the officer] that the object is incriminating; and (3) the officer has a lawful right of access to the object." *Commonwealth v. Davis*, 287 A.3d 467, 471 (Pa.Super. 2022) (emphasis removed).

Additionally, "[an] officer has probable cause to stop a motor vehicle if the officer observes a traffic code violation, even if it is a minor offense." *Commonwealth v. Harris*, 176 A.3d 1009, 1019 (Pa.Super. 2017). In

Philadelphia, parking a vehicle on the sidewalk is prohibited. **See** Phila. Code § 12-913(1)(a)(.2).

"[U]nder Article I, Section 8, no less than under the Fourth Amendment, a defendant cannot prevail upon a suppression motion unless he demonstrates that the challenged police conduct violated [the defendant's] own, personal privacy interests." *Commonwealth v. Millner*, 888 A.2d 680, 692 (Pa. 2005). If evidence is recovered from a vehicle following a lawful traffic stop, a passenger in the vehicle seeking suppression of evidence must "demonstrate an expectation of privacy in the areas of the vehicle searched in order to prove a violation of the Fourth Amendment." *Commonwealth v. Shabezz*, 166 A.3d 278, 290 (Pa. 2017).

Gweh maintains that the recovery of the firearm was unlawful because "it was conducted without a warrant and without exigent circumstances or any exception to the warrant requirement[.]" Gweh's Br. at 8. He claims that "[*Commonwealth v.*] *Alexander*, [243 A.3d 177 (Pa. 2020)] requires a warrant or exigent circumstances" and "the Commonwealth failed to provide proof of either[.]" *Id.* at 22. Gweh further claims that the plain view doctrine does not apply.

Here, Gweh does not challenge the legality of the vehicle stop but rather the seizure of the firearm from the vehicle. **See id.** As such, Gweh, as a passenger in the vehicle, must have demonstrated to the suppression court that he had an expectation of privacy in the areas of the vehicle. Gweh did not own the vehicle and had no connection to the vehicle that would

demonstrate that he had a reasonable expectation of privacy in the vehicle. *See* N.T., 2/6/23, at 36 (Officer Tsoflias testifying that Gweh was not the owner of the vehicle). Since Gweh failed to demonstrate his own personal privacy interest in the vehicle, neither the Fourth Amendment nor Article I Section 8 is implicated and the trial court did not err in denying the motion. *See Commonwealth v. Moore*, 937 A.2d 1062, 1073 (Pa. 2007) (stating this Court may affirm on any basis supported by the record).

Moreover, Gweh's reliance on *Alexander* is misplaced. There, our Supreme Court held that the federal automobile exception to the warrant requirement did not satisfy the Pennsylvania Constitution. *See Alexander*, 243 A.3d at 181.[2] This Court has determined that *Alexander* did not affect the plain view exception. *McMahon*, 280 A.3d at1073-74. We therefore affirm.

Judgment of sentence affirmed.

_____

[2] "We granted Appellant Keith Alexander ("Alexander")'s petition for allowance of appeal asking this Court to overrule or limit *Commonwealth v. Gary*, 625 Pa. 183, 91 A.3d 102 (2014) (OAJC), a plurality result announcing that, without limitation, the federal automobile exception to the warrant requirement of the Fourth Amendment to the United States Constitution applies in Pennsylvania." *Alexander*, 243 A.3d at 180 (footnotes omitted).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/17/2024