J-S27016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RICHARD MORRIS :
:
Appellant : No. 1765 EDA 2024

Appeal from the PCRA Order Entered May 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008950-2017

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED SEPTEMBER 26, 2025**

Richard Morris appeals from the order denying his first petition filed

pursuant to the Post Conviction Relief Act (PCRA). 42 Pa.C.S.A. §§ 9541-46.

We affirm.

The PCRA court summarized the pertinent facts and procedural history

as follows:

> In the early morning of July 30, 2017, complaining witness
> Michael Norman and his cousin Ackeem Norman left a North
> Philadelphia nightclub and walked towards Michael Norman's car
> where witnesses Ryan Grant and Sashee Malcolm sat inside
> waiting. After Michael Norman spoke to a woman outside of the
> nightclub, [Morris] approached him, put his arm around Michael
> Norman's shoulders, and pulled out a silver pistol and pressed it
> against [Norman's] stomach, demanding that he give [Morris]
> everything he had. Michael Norman gave [Morris] three to four
> thousand dollars cash from his pockets and began walking toward

_____

[*] Former Justice specially assigned to the Superior Court.

his vehicle, when he noticed [Morris] and co-defendant Khron Hall following him.

As they approached Michael Norman's vehicle, [Morris] instructed Hall to search the vehicle, the noise of which caused Ackeem Norman to open the passenger door, startling [Morris]. Michael Norman asked [Morris] not to shoot, got in the driver's side of the vehicle, and began to back out of the parking lot, when he saw that [Morris] and Hall were pointing their pistols at his vehicle.

Michael Norman retrieved his own firearm from the vehicle and pointed it out the window toward [Morris] and a shootout ensued. At about the same time, Grant jumped out of the vehicle and called 911. Nearby patrolling Philadelphia police officers Patrick Lutz and Lance Cannon heard gunfire and responded to the location of the shooting. There they saw [Morris] running through the parking lot and crouch near a white Mitsubishi Outlander before entering the car. The officers ran toward the vehicle, which was occupied by [Morris], Hall and [Morris'] girlfriend, Valerie Holland, who was sitting in the driver's seat. All three were arrested and transported to Northwest Detectives for questioning.

At the time of the arrests, Officer Lutz observed a firearm underneath [Holland's vehicle]. Approximately three to four hours after the shooting, Detective Kevin Bradley investigated the secured crime scene and recovered the .40 caliber Smith and Wesson from underneath Holland's [vehicle]. Detective Bradley further recovered video evidence from a SEPTA bus passing through the area as the shooting occurred, depicting the shooting and [O]fficer Lutz's and Cannon's response, three .45 caliber and two .40 caliber fired cartridge casings (FCCs), and also collected DNA swabs from [Morris], Hall, and the recovered firearm. DNA testing was inconclusive as to whether [Morris'] DNA was left on the firearm.

PCRA Court Opinion, 11/20/24 at 1-2 (unnumbered) (paragraph break added; citations omitted).

Morris and Hall proceeded to a joint jury trial on charges of aggravated assault, robbery, conspiracy, firearm violations, and other related offenses.

On December 13, 2018, the jury found Morris guilty of several firearm violations, while acquitting him of the remaining charges.[1]  On March 7, 2019, the trial court imposed an aggregate sentence of four to nine years of imprisonment.  Morris filed a timely post-sentence motion, which the trial court denied.  Morris appealed.  On November 20, 2020, this Court affirmed his judgment of sentence, and, on June 30, 2021, our Supreme Court denied Morris' petition for allowance of appeal.  **Commonwealth v. Morris**, 242 A.3d 442 (Pa. Super. 2020) (non-precedential decision), *appeal denied*, 257 A.3d 1216 (Pa. 2021).

Morris filed a timely *pro se* PCRA petition on November 15, 2021.  The PCRA court appointed counsel.  PCRA counsel filed an amended petition on March 9, 2022, and a supplemental petition on July 9, 2022.  Thereafter, the Commonwealth filed a motion to dismiss.  On January 23, 2024, the PCRA court denied Morris' petition.  Although not clear from the record, it appears the court later vacated this order because it did not provide Morris with Criminal Rule 907 notice of its intent to dismiss Morris' petition without a hearing.  On May 2, 2024, the PCRA court issued Rule 907 notice.  Morris did not file a response.  By order entered May 22, 2024, the PCRA court again denied Morris' petition.  This appeal followed.  Both Morris and the PCRA court have complied with Appellate Rule 1925.

---

[1] The jury acquitted Hall on all charges.

Morris raises the following four issues on appeal:

1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that trial counsel was ineffective for failing to file and litigate appropriate pretrial motions, and failing to present an available alibi defense.

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish violations of [Morris'] constitutional rights under the United States and Pennsylvania Constitutions, including an unreasonable search and seizure, as well as multiple instances of prosecutorial misconduct.

3. Whether the PCRA court erred by dismissing the PCRA petition when [Morris] presented clear and convincing newly discovered evidence that would have exonerated him had it been available at trial.

4. Whether the PCRA court erred by failing to grant an evidentiary hearing.

Morris' Brief at 9.

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in

his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

In his first issue, Morris challenges the effectiveness of trial counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.*

The tripartite test we apply is well-settled, and each prong of the test has been explained as follows:

> The burden is on the [petitioner] to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel has no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight

- 5 -

analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted; formatting altered).

In his first issue, Morris asserts that trial counsel was ineffective for failing to file a suppression motion and for failing to present an alibi defense at trial.[2] We address each claim separately.

The decision whether to litigate a suppression motion is left to counsel in the exercise of his or her professional judgment. *Commonwealth v. Johnson*, 179 A.3d 1153, 1160 (Pa. Super. 2018). When a defendant contends that counsel was ineffective for not filing a suppression motion, "the inquiry is whether the failure to file a motion is itself objectively unreasonable, which requires a showing that the motion would have been meritorious." *Id.*

Morris did not meet this burden. He asserts that he specifically requested that trial counsel file a motion to suppress physical evidence based on an unlawful search of his person and the vehicle, but trial counsel did not

_____

[2] In support of his first issue, Morris also asserts that trial counsel was ineffective for failing to present exculpatory DNA evidence at trial. As this claim was not raised in his 1925(b) statement of errors complained of on appeal it is waived. *See* Appellate Rule 1925(b)(4)(vii). Nonetheless, we agree with the PCRA court that Morris did not proffer any information to show such evidence exists. *See* PCRA Court Opinion, 11/20/24, at 9-10 (unnumbered).

offer him an explanation for failing to file the motion. Morris' Brief at 14-15. According to Morris, because he was charged with possessory offenses, "it [was] incumbent upon trial counsel to protect [his] constitutional rights by seeking suppression of the items he was accused of possessing." ***Id.*** According to Morris, "[n]o competent lawyer would choose to defend a possessory offense without seeking suppression." ***Id.*** at 15.

Although Morris cites no supporting case law,[3] it appears that Morris is referring to the well-settled legal principle that a person charged with a possessory offense has automatic standing to seek suppression. ***See Commonwealth v. Kane***, 210 A.3d 324, 330 (Pa. Super. 2019) (citing Pennsylvania Rule of Evidence 581). What Morris fails to realize is that a defendant seeking suppression must also demonstrate an expectation of privacy in the area searched. As the PCRA court explained:

> [A] defendant moving to suppress evidence has the preliminary burden of establishing both standing and a legitimate expectation of privacy. ***Commonwealth v. Maldonado***, 14 A.3d 907, 910 (Pa. Super. 2011) [(citation omitted)]. An expectation of privacy will be found to exist when the individual exhibits an actual or subjective expectation of privacy and that expectation is one that society is prepared to recognize as reasonable, in light of the surrounding circumstances. ***Commonwealth v. Cruz***, 166 A.3d 1249, 1254 (Pa. Super. 2017) [(citation omitted)].

_____

[3] We agree with the Commonwealth's initial argument that Morris' claim is undeveloped and this Court could find waiver. ***See*** Commonwealth's Brief at 9. In his brief, Morris does not even identify what evidence was seized from him or the vehicle. Nonetheless, we address his argument on this issue.

[Morris] did not have a reasonable expectation of privacy in the public parking lot outside the nightclub where the firearm was recovered, and he therefore would not have a basis to suppress the recovered firearm and FCCs. Investigators did not recover the relevant evidence as a product of a warrantless automobile search. While [Morris] implies that responding officers and investigators perjured themselves when recounting their recovery of the firearm and [Morris'] arrest, he does not go as far [as] to say that the firearm was recovered from Holland's vehicle incident to an unlawful search. Nor did the Commonwealth present evidence to indicate that the firearm was recovered as a result of a vehicle search. Because of this, the warrant requirement as it related to automobile searches is inapplicable. Instead, the facts of the case demonstrate that the physical evidence used against [Morris] was recovered from the ground of a public space where the shooting occurred. Because [Morris] cannot demonstrate a reasonable expectation of privacy in this public space, he would have had no basis to suppress the firearm and the FCCs prior to trial. [Morris] therefore cannot demonstrate prejudice and his claim fails.

PCRA Court Opinion, 11/20/24 at 7-8 (unnumbered) (citation to notes of testimony omitted).

Our review of the record supports the PCRA court's conclusion. Morris had no expectation of privacy in the parking lot where he abandoned the firearm under Holland's vehicle. *See Kane*, 210 A.3d at 331 (explaining that a defendant who voluntarily abandons his property in a public area loses any legitimate expectation of privacy regarding that property). Thus, this part of Morris' ineffectiveness claim fails.

In the second part of Morris' ineffectiveness claim, Morris asserts that trial counsel "failed to identify or locate any witnesses, and never offered an alibi defense." Morris' Brief at 16. According to Morris, he was prejudiced by trial counsel's inaction because "[t]he alibi witnesses would have testified that

[he] was in another location, engaged in legal activity, at the time alleged by police testimony." **Id.**

This issue actually raises two separate claims because a distinction exists between the failure to investigate a known witness and the failure to call that witness at trial. **See generally**, **Commonwealth v. Stewart**, 84 A.3d 701 (Pa. Super. 2013) (*en banc*).

Our case law discusses counsel's duty for these discrete claims. Regarding the failure to investigate, counsel has a duty to undertake reasonable investigations or make reasonable decisions that render particular investigations unnecessary. **Commonwealth v. Basemore**, 744 A.2d 717, 735 (Pa. 2000) (citation omitted). As this Court has summarized:

> The failure to investigate presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation. It can be unreasonable *per se* to conduct no investigation into known witnesses. Importantly, a [PCRA] petitioner still must demonstrate prejudice. To demonstrate prejudice where the allegation is the failure to interview a witness, the petitioner must show that there is a reasonable probability that the testimony the witness would have provided would have led to a different outcome at trial.

**Commonwealth v. Pander**, 100 A.3d 626, 638-39 (Pa. Super. 2014) (citation omitted).

Regarding counsel's failure to call a witness at trial, a PCRA petitioner must demonstrate that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the

testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012) (citations omitted).

Because Morris' argument on both of these discrete claims is woefully undeveloped, we will not consider it further. ***See Commonwealth v. Spotz***, 18 A.3d 244, 323 (Pa. 2011) (holding that undeveloped claims will not be considered on appeal). In the one paragraph supporting his argument, Morris has failed to identify any potential alibi witness that counsel failed to investigate and did not establish any of the ***Sneed*** factors regarding these unidentified witnesses. Thus, this part of his ineffectiveness claim also fails.

In his second issue, Morris asserts that the PCRA court erred in denying his PCRA petition because his constitutional rights were violated when the police officers seized his firearm without a warrant and exigent circumstances and because he asserts instances of prosecutorial misconduct by knowingly presenting false testimony from police officers. Because these claims could have been raised on direct appeal, they are waived under the PCRA. ***See*** 42 Pa.C.S.A. § 9544(b).

In his third issue, Morris claims that the PCRA court erred in dismissing his claim of after-discovered evidence because two alibi witnesses, "Ciara" and Holland, "came forward and became known" to him after his trial. Morris' Brief at 21.

- 10 -

To review this claim, we first note the test applied to after-discovered evidence under the PCRA as established by our Supreme Court:

> [W]e have viewed this analysis in criminal cases as comprising four distinct requirements, each of which, if unproven by the petitioner, is fatal to the request for a new trial. As stated, the four-part test requires the petitioner to demonstrate the new evidence: (1) could not have been obtained prior to the conclusion of trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. The test applies with full force to claims arising under Section 9543(a)(2)(vi) of the PCRA. In addition, we have held the proposed new evidence must be producible and admissible.

**Commonwealth v. Small**, 189 A.3d 961, 972 (Pa. 2018) (citations omitted).

Credibility determinations are an integral part of determining whether a PCRA petitioner has presented after-discovered evidence that would entitle him to a new trial. **See**, **e.g.**, **Small**, 189 A.3d at 978-79 (remanding for the PCRA court to make relevant credibility determinations). We have stated, prior to granting a new trial based on after-discovered evidence, "a court must assess whether the alleged after-discovered evidence is of such a nature and character that it would likely compel a different verdict if a new trial is granted." **Commonwealth v. Padillas**, 997 A.2d 356, 365 (Pa. Super. 2010). "In making this determination, a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." **Id.**

Here, the PCRA court opined that Morris failed to meet his burden of establishing his after discovered evidence claim as to either alleged alibi witness. The court explained:

> [Morris] claims that two witnesses, his previously arrested co-defendant Valerie Holland, and an individual identified only as "Ciara," would have provided testimony that they were with [Morris] at the time the police detained him during the shootout and that he was not engaged in any illegal activity prior to his arrest. He contends that trial counsel was ineffective for failing to investigate and call these witnesses at trial to present an "alibi" defense, which would presumably establish that [Morris] was not involved in the shooting. He also refers to these witnesses as being after-discovered evidence.
>
> Valerie Holland was initially arrested as a co-conspirator in this matter, but the prosecution against her did not proceed beyond the preliminary hearing phase. In a videotaped interview, Holland told detectives that she was with [Morris] and Hall in the nightclub, and stayed inside to use the bathroom while [Morris] and Hall went outside to leave. She said that they were separated for five to ten minutes while a fight broke out in the parking lot, after which she cut through the crowd and met [Morris] and Hall at her vehicle, where all three were arrested. She did not claim to hear any gunfire during the commotion.
>
> [Morris] has provided no identifying information for proposed witness "Ciara" beyond her first name, nor has he provided a summary of her proposed testimony beyond [Morris'] assertion that she would testify that [Morris] was elsewhere at the time of the shooting.
>
> [Morris] failed to furnish certifications for either witness. Because [Morris] was requesting an evidentiary hearing, he was required to include a certification signed by each of his intended witnesses, stating the witness' name, address, date of birth, and substance of their testimony. 42 Pa.C.S. § 9545(d)(1)(i). Failure to substantially comply with this requirement will render the proposed witness' testimony inadmissible. 42 Pa.C.S. § 9545(d)(1)(iii). Unless and until [Morris] can provide those witness certifications to the [PCRA court] the claim fails.

PCRA Court Opinion, 11/20/24, at 6 (unnumbered).

Our review of the record supports the PCRA court's conclusion that Morris failed to proffer sufficient documentation regarding these witnesses such that an evidentiary hearing was warranted. *See Commonwealth v. Clark*, 961 A.2d 80, 94 (Pa. 2008) (explaining that, in the absence of a sufficient proffer, a petitioner's bare assertions would inappropriately convert an evidentiary hearing into a "fishing expedition" for possible exculpatory evidence). Thus, Morris' third issue fails, as he has not established a basis for a new trial.

In his fourth and final issue, Morris asserts that the PCRA court erred in dismissing his PCRA petition without first holding an evidentiary hearing. Given our disposition of Morris' first three issues, it is clear that Morris did not establish any factual issues that would require a hearing. *Blakeney*, *supra*.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/26/2025